UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| JACKIE BRUCE THOMPSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 1:12-cv-01425-SEB-DKL |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER GRANTING DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

This cause is before the Court on Defendant's Motion for Partial Summary Judgment [Docket No. 51] filed on April 18, 2014. Plaintiff Jackie Bruce Thompson ("Mr. Thompson") brings this action against Defendant, the United States of America, pursuant to the Federal Tort Claims Act ("FTCA"), alleging that his eye surgery was performed negligently at the Veterans Administration Medical Center. The United States has moved for partial summary judgment on Mr. Thompson's claim that the doctors' failure to inform him immediately following the surgery that serious complications had arisen during the procedure fell below the acceptable standard of care. For the reasons detailed below, we GRANT Defendant's Motion for Partial Summary Judgment.

**Factual Background**

In 2010, Mr. Thompson developed a corneal ulcer in his right eye. On March 1, 2011, he underwent a corneal transplant that was performed at the Veterans Administration Medical Center in Indianapolis, Indiana. The surgery was performed by

1

Dr. Jennifer Eikenberry, a resident, under the supervision of Dr. Shailaja Valluri. During the surgery, Mr. Thompson's right lens was expelled and removed as was the anterior (front portion) of the vitreous of the eye, neither of which is a normal part of this surgery. The corneal graft subsequently failed, rendering the corneal transplant unsuccessful, and leaving Mr. Thompson blind in his right eye.

On October 3, 2012, Mr. Thompson filed the instant suit against the United States pursuant to the FTCA. In his complaint, Mr. Thompson alleges that the government doctors performed negligently in a number of ways, including, *inter alia*, by cutting too deeply through the iris and the front portion of the capsule covering the lens in his right eye, causing the lens to come out of the eye, and by failing to explain to Mr. Thompson the complications that arose during the surgery which led to the removal of the lens. The United States has moved for partial summary judgment on Mr. Thompson's claim that the doctors performed below the applicable standard of care by failing to disclose the complications to him following the procedure. That motion is now fully briefed.

## Legal Analysis

### I. Standard of Review

Summary judgment is appropriate when the record shows that there is "no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Disputes concerning material facts are genuine where the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In deciding whether genuine issues of material

fact exist, the court construes all facts in a light most favorable to the non-moving party and draws all reasonable inferences in favor of the non-moving party. *See id.* at 255. However, neither the "mere existence of some alleged factual dispute between the parties," *id.* at 247, nor the existence of "some metaphysical doubt as to the material facts," *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986), will defeat a motion for summary judgment. *Michas v. Health Cost Controls of Illinois, Inc.*, 209 F.3d 687, 692 (7th Cir. 2000).

The moving party "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 323. The party seeking summary judgment on a claim on which the non-moving party bears the burden of proof at trial may discharge its burden by showing an absence of evidence to support the non-moving party's case. *Id.* at 325.

Summary judgment is not a substitute for a trial on the merits, nor is it a vehicle for resolving factual disputes. *Waldridge v. Am. Hoechst Corp.*, 24 F.3d 918, 920 (7th Cir. 1994). Thus, after drawing all reasonable inferences from the facts in favor of the non-movant, if genuine doubts remain and a reasonable fact-finder could find for the party opposing the motion, summary judgment is inappropriate. *See Shields Enter., Inc. v. First Chicago Corp.*, 975 F.2d 1290, 1294 (7th Cir. 1992); *Wolf v. City of Fitchburg*, 870 F.2d 1327, 1330 (7th Cir. 1989). But if it is clear that a plaintiff will be unable to satisfy the legal requirements necessary to establish her case, summary judgment is not

only appropriate, but mandated. *See Celotex*, 477 U.S. at 322; *Ziliak v. AstraZeneca LP*, 324 F.3d 518, 520 (7th Cir. 2003). Further, a failure to prove one essential element "necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 323.

## II. Federal Tort Claims Act

The FTCA embodies a limited waiver of the United States' sovereign immunity and is "the exclusive remedy for any tort claim resulting from the negligence of a government employee acting within the scope of employment." *Couch v. United States*, 694 F.3d 852, 856 (7th Cir. 2012) (citing 28 U.S.C. § 2679(b)(1). Under the FTCA, "[t]he United States shall be liable … to tort claims in the same manner and to the same extent as a private individual under like circumstances…." 28 U.S.C. § 2674.

## III. Discussion

To prevail on a medical malpractice claim based upon negligence under Indiana law,[1] a plaintiff must show: "(1) that the physician owed a duty to the plaintiff; (2) that the physician breached that duty; and (3) that the breach proximately caused the plaintiff's injuries." *Mayhue v. Sparkman*, 653 N.E.2d 1384, 1386 (Ind. 1995) (citation omitted). To establish proximate cause, the plaintiff must show "'a reasonable connection between a defendant's conduct and the damages which a plaintiff has suffered.'" *Topp v. Leffers*, 838 N.E.2d 1027, 1032 (Ind. Ct. App. 2005) (quoting *Daub*

---

[1] The FTCA incorporates the substantive law of the state where the allegedly tortious act or omission occurred. *Midwest Knitting Mills, Inc. v. United States*, 950 F.2d 1295, 1297 (7th Cir. 1991). Accordingly, Indiana law applies in this case.

4

*v. Daub*, 629 N.E.2d 873, 877 (Ind. Ct. App. 1994)). "When the issue of cause is not within the understanding of a lay person, testimony of an expert witness on the issue is necessary." *Daub*, 629 N.E.2d at 878 (citations omitted).

Here, Plaintiff's expert did not opine that there was any injury to Mr. Thompson as a result of the alleged failure on the part of the doctors to inform him (Thompson) after the surgery of the complications that arose during the procedure, and Mr. Thompson in fact concedes that that alleged failure did not cause any of the damages he suffered as a result of the failed corneal transplant. However, he argues that he should nevertheless be permitted to admit such evidence at trial in support of his other negligence claims because the doctors' failure to report the complications and explain how those complications occurred raises an inference that the doctors had something to hide and that any truthful explanation would have been damaging to Defendant.

Because there is no dispute that Mr. Thompson cannot establish the third element of a medical malpractice claim based on negligence, to wit, that the alleged breach of the requisite standard of care was the proximate cause of the plaintiff's injuries, we <u>GRANT</u> Defendant's Motion for Partial Summary Judgment as to Plaintiff's claim based on the doctors' failure to disclose the complications that arose during his eye surgery. Our dismissal of this claim, however, has no bearing on whether evidence that the doctors failed to inform Mr. Thompson of the complications that arose during surgery may be admissible for other purposes at trial. This evidentiary issue may be addressed in the parties' pretrial motions, if necessary.

## IV. Conclusion

For the reasons detailed above, Defendant's Motion for Partial Summary Judgment is <u>GRANTED</u>. Plaintiff's remaining claims will proceed accordingly.

IT IS SO ORDERED.

Date: _____12/17/2014_____ _____
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Thomas E. Hamer
tom@tomhamerlaw.com

Mary A. Findling
FINDLING PARK & ASSOCIATES, P.C.
mfindling@findlingpark.com

Jeffrey L. Hunter
UNITED STATES ATTORNEY'S OFFICE
jeff.hunter@usdoj.gov